IN THE

# SUPREME COURT OF JUDICATURE

OF THE

# STATE OF NEW JERSEY

JUNE TERM, 1866.

---

### STEPHEN PAUL v. BENJAMIN SMITH.

Where a new note was given in lieu of an old one, against which the statute of limitations had nearly become a bar, and the new note was, by consent of both parties, so antedated as to extend the time of payment about a year; *held*, that the statute was a good bar at the expiration of six years from the time the new note became due, according to its terms, although six years had not elapsed from the time it was given.

---

This suit was brought in the Circuit Court of Essex county, to recover the amount of a promissory note made by Smith, the defendant, to the plaintiff. The defendant set up the statute of limitation in bar of the action, and the jury rendered a verdict for the plaintiff for the amount of the note. On application of the defendant, a rule to show cause why a new trial should not be granted was allowed, and the case was sent to this court for an advisory opinion as to the right to recover upon the case as shown by the plaintiff.

The rule was argued before the CHIEF JUSTICE, and Justices ELMER, VREDENBURGH, and BEDLE.

For the defendant, *A. Voorhees.*

For the plaintiff, *J. P. Jackson.*

The opinion of the court was delivered by

ELMER, J. This is a case certified from the Circuit Court of the county of Essex, in which court a verdict was rendered for the plaintiff, and a rule to show cause why there should not be a new trial was allowed, for an advisory opinion, whether upon the case as proved, the plaintiff was entitled to the verdict. The action was upon a promissory note, made September 1st, 1861, and dated September 1st, 1856, whereby the defendant promised to pay a sum of money to the order of the plaintiff, three months after the date. More than six years having elapsed from the time the note became due, according to its terms, to the commencement of the action, the question to be decided is, whether the statute of limitations was a good bar.

It appeared, that some time in the year 1855, the defendant had given his note to the firm of Boyd & Paul, for money due them, and Boyd having died, and nearly six years having elapsed, the attorney who held the note called on him to give a new note, or to make a payment or an acknowledgment of the debt, so as to prevent the note from being outlawed. The defendant declined making a payment or a general acknowledgment of the debt, but on the first of September, 1861, agreed to give the note in question, dated as it is, which was accepted, and the old note cancelled.

There can be no doubt that the true time when a note was made may be shown, if it was wrongly dated by fraud or mistake. A note takes effect only from its delivery, but if delivered after its date, it is then good by relation, and takes effect from its date. *Powell* v. *Waters*, 8 *Cow.* 670. A note may be antedated or postdated, and in both cases is valid, if no statute exists to the contrary; and where the purposes of justice require it, the real date may be inquired into, and effect given to the instrument. *Story on Prom. N.*, § 48. The

note in question was due immediately after its delivery. It was not antedated by mistake, or for any unlawful purpose, but to carry into effect the object of the parties. To alter the date, or to give it a legal effect different from that expressed on its face, is not required for the purposes of justice, but would be to make a new bargain for the parties, and thus to do injustice. The consideration was the debt originally due to Boyd & Paul, and the substance of the transaction disclosed by the evidence was, that, by giving a new note, dated about a year later than that originally made, the defendant promised to pay the debt, and remains liable to an action six years from the time the new note became due, but not longer. The case thus comes within the established rule, that the acknowledgment of a debt, if accompanied by a promise to pay conditionally, is of no avail, unless the conditions to which the promise is subjected by the defendant is complied with, or the event has happened upon which the promise depends. In my opinion, the statute of limitations is a good bar to the action, and the Circuit Court should be advised to order a new trial, the costs to abide the event.